UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
|  |  |  |
|---|---|---|
| In re: | : : | Chapter 7<br>Case No. 09-12512 (SHL) |
|  | : | (Jointly Administered) |
| WATERFORD WEDGWOOD USA, INC., | : |  |
| *et al.* | : | Case Nos. 09-12513, 09-12559, |
|  | : | 09-12562, 09-12570, 09-12574, |
|  | : | 09-12577, 09-12598, 09-12602, |
| Debtor(s) | : | 09-12611, 09-12614, 09-12618, |
|  |  | and 09-12619 (SHL) |

----------------------------------------------------------x

|  |  |  |
|---|---|---|
| JOHN S. PEREIRA, as Chapter 7 Trustee for<br>WATERFORD WEDGWOOD USA, INC., | : : : | |
|  | : | Adv. Proc. No. 11-01820 |
| Plaintiff, | : : | |
| vs. | : : | |
| UNITED PARCEL SERVICE OF AMERICA,<br>INC. a/k/a UPS, UPS FREIGHT, UPS SUPPLY<br>CHAIN SOLUTIONS (GEORGIA), UPS-<br>CONSOLIDATED and UPS-PHILLY, | : : : : | |
|  | : | |
| Defendants. | : | |

----------------------------------------------------------x

## JOINT PRETRIAL ORDER (PROPOSED)

The parties having conferred among themselves and with the Court pursuant to Fed. R. Civ. P. 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

### I.    NATURE OF THE CASE

This is an action in which Plaintiff seeks to avoid and recover alleged preferential transfers brought pursuant to Section 547 of the Bankruptcy Code.  Plaintiff seeks to recover a money judgment against defendants in the amount of $897,546.85, or such lesser amount as may be proved at trial, plus prejudgment interest. Defendants deny any liability and seek judgment dismissing the action, with Plaintiff to take nothing.

II. **BASIS FOR JURISDICTION, WHETHER THE CASE IS CORE OR NON-CORE, AND WHETHER THE BANKRUPTCY JUDGE MAY ENTER FINAL ORDERS OR JUDGMENT**

This Court has subject matter jurisdiction of this adversary proceeding pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157, and the Amended Standing Order of Reference, M-431, dated January 31, 2012 (Preska, C.J.).

This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).

Although the decision of the United States Supreme Court in Stern v. Marshall, 564 U.S. 2, 131 S. Ct. 2594 (2011) may call into question this Court's ability to enter a final order or judgment in a preference cases, the parties consent to this Court entering a final order or judgment in this adversary proceeding.

III. **STIPULATED FACTS**

1. Debtor Waterford Wedgwood USA, Inc. ("WWUSA") is a wholly-owned, indirect subsidiary of an Irish parent company, Waterford Wedgwood PLC ("PLC").

2. At all relevant times, WWUSA was in the business of importing, distributing and selling china, crystal, and other fine consumer goods manufactured by PLC and its other affiliates.

3. In connection with its business, WWUSA purchased and obtained shipping and related services from defendants United Parcel Service Inc, UPS Ground Freight, Inc, and UPS –Supply Chain Solutions (collectively "UPS").

4. Upon providing service to WWUSA, UPS rendered an invoice for that service, which WWUSA thereafter paid by mailing a check drawn to UPS's order to UPS.

5. WWUSA's payments of UPS's invoices were transfers to a creditor for antecedent debt owed by WWUSA to UPS, within the meaning of Section 547(b)(1) and (2) of the Bankruptcy Code.

6. Joint Exhibit A accurately reflects (1) the invoice number and invoice date of each invoice issued by UPS to WWUSA during the period from November 24, 2007 through March 21, 2009 and (2) the check number, check amount, payment date, and days to payment of the checks used by WWUSA to pay the invoices.

7. On or about January 5, 2009, PLC was placed in receivership in Ireland and certain of its subsidiaries and affiliates in the United Kingdom were placed in administration there.

8. On or about February 27, 2009, the receiver and joint administrators entered into a Share and Business Sale Agreement (the "Global Sale Agreement") with KPS Capital Partners LLP ("KPS").

2

9. The Global Sale Agreement provided, among other things, for the sale of substantially all of WWUSA's assets to KPS or its designee.

10. On March 26, 2009, WWUSA sold substantially all of its assets to WWRD LLC (an affiliate of KPS) and went out of business.

11. On April 23, 2009, WWUSA filed a voluntary petition for relief with this Court pursuant to Chapter 7 of the Bankruptcy Code.

12. The ninetieth day prior to WWRD's filing date is January 23, 2009, and accordingly, transfers from WWUSA to UPS on or after that date through April 23, 2009 (the "Preference period") are within the time period specified by Section 547(b)(4)(A) of the Bankruptcy Code.

13. On the petition date, John P. Pereira (the "Trustee") was appointed, and thereafter qualified, as the Chapter 7 Trustee of WWUSA.

14. On March 11, 2011, counsel for the Trustee sent a "demand" letter to UPS for the recovery of the transfers the Trustee deemed preferential.

15. WWUSA was "insolvent," as that term is used in Section 547(b)(3) of the Bankruptcy Code at all times during the Preference Period. The payments that WWUSA made to UPS during the Preference Period enabled UPS to receive more than it will receive in this Chapter 7 case if those payments had not been made.

16. That all Preference Period Transfers involved debts incurred by WWUSA to UPS in the ordinary course of business of both WWUSA and UPS.

17. UPS took no extraordinary steps to compel payment of the Preference Period Transfers.

By stipulating to these facts, the parties are not agreeing that they are relevant nor are they waiving objections based on the relevance of these facts.

### IV.    PARTIES' CONTENTIONS

The pleadings are deemed amended to embrace the following, and only the following, contentions of the parties:

**A.    Plaintiff's Contentions**

As to Plaintiff's Case

1. The payments identified on Joint Exhibit A made during the Preference Period (the "Transfers") were avoidable transfers made on behalf of antecedent debts which were made while WWUSA was insolvent, and which enabled UPS to receive more than it would receive in a case under Chapter 7 if the transfer had not been made.

3

20334929v1

<u>As to Defendant's Affirmative Defenses</u>

2. The Transfers were not made in the ordinary course of the parties' business.

3. The Transfers were not made pursuant to ordinary business terms.

4. While some of the Transfers may have represented new value, the Trustee has not been able to agree with UPS as to the amount, and the Trustee leaves proof of that amount to UPS at trial.

**B.    Defendant's Contentions**

<u>As to UPS's Affirmative Defenses</u>

1. All Preference Period Transfers were made in the ordinary course of business or financial affairs of WWUSA and UPS.

   a. Prior to the Preference Period, WWUSA customarily paid UPS invoices an average of 56 days after the respective invoice date.

   b. During the Preference Period, WWUSA paid UPS invoices an average of 52 days after the respective invoice date.

   c. All Preference Period Transfers were made in a manner similar to the customary manner of payment by WWUSA prior to the Preference Period.

2. The Preference Period Transfers were made according to ordinary business terms.

   a. "Ordinary business terms," includes, among other things, invoices paid between 16 and 72 days from invoice date.

3. Subsequent to all Preference Period Transfers, UPS supplied new value to or for the benefit of WWUSA (a) not secured by an unavoidable security interest, and (b) on account of which new value WWUSA did not make an otherwise unavoidable transfer to or for the benefit of UPS.

   a. The sum of all new value supplied by UPS to WWUSA and paid for during the Preference Period by an otherwise avoidable transfer, should the Court find all Preference Period Transfers to be avoidable (and Defendants contend it should not), is $252,772.69. Until the Court rules on UPS's ordinary course of business and ordinary business terms defenses, the parties are unable to calculate this amount with certainty.

4

20334929v1

## V.   ISSUES TO BE TRIED

1. Whether, and to what extent, the Transfers were made in the ordinary course of the Parties' business under Bankruptcy Code section 547(c)(2)(A).

2. Whether, and to what extent, the Transfers were made pursuant to ordinary business terms under Bankruptcy Code section 547(c)(2)(B).

3. Whether, and to what extent, the UPS supplied WWUSA with "new value" extended after the first Transfer was received.

## VI.   PLAINTIFF'S EXHIBITS

In addition to Joint Exhibit A, Plaintiff will offer PX Ex. 1, 2, and 3, which reformat the data included in Joint Exhibit A and present that data for various periods of time which Plaintiff believes are relevant to the Court's analysis.

## VII.   DEFENDANT'S EXHIBITS

1. DX-A: The expert report of Thomas Salutric, including all exhibits, appendices, tables, and backup data;

2. DX-B: The curriculum vitae of Thomas Salutric;

3. DX-C: A spreadsheet, similar to Joint Exhibit A, setting forth the dates, numbers and amounts of invoices issued by UPS to Waterford Wedgwood prior to the petition date, as well as payment amounts and dates and days to pay;

## VIII.   STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

1. There are no objections to the admission of any of the parties' exhibits.

2. Because this case will be tried jointly with a case brought against UPS on behalf of Royal Doulton USA, Inc., the parties have prepared a single set of sequentially numbered exhibits, and agree that all exhibits will be admitted in both cases.

## IX.   PLAINTIFF'S WITNESS LIST

The Trustee, John S. Pereira
The Trustee's Accountant, Kevin Coffey

5

20334929v1

X.  **DEFENDANT'S WITNESS LIST**

   Thomas Salutric, UPS
   Sandra Morado, UPS

XI. **RELIEF SOUGHT**

   The Plaintiff seeks recovery of monetary damages in the amount of $897,546.85, representing the full amount of the Transfers Plaintiff alleges are avoidable, or in such lesser amount as Plaintiff may be entitled after giving effect to any defenses found by the Court to be valid, together with prejudgment interest and the cost and disbursements of this action.

   The Defendant seeks dismissal of the complaint, with the Plaintiff to take nothing.

| | |
|---|---|
| Dated: New York, New York<br>March 5, 2013 | Dated: Atlanta, GA<br>March 5, 2013 |
| TROUTMAN SANDERS LLP | KING & SPALDING LLP |
| By: */s/ John S. Kinzey*<br>   John S. Kinzey<br>The Chrysler Building<br>405 Lexington Avenue<br>New York, NY  10174<br>(212) 704-6000 | By: */s/ Jonathan W. Jordan*<br>   Jonathan W. Jordan<br>King & Spalding LLP<br>1180 Peachtree Street NE<br>Atlanta, GA  30309<br>(404) 572-4600 |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |

**IT IS SO ORDERED:**

**Dated: March 7, 2013**          **/s/ Sean H. Lane**
**New York, New York**          _____
                    **Hon. Sean H. Lane**
                    **United States Bankruptcy Judge**

6

20334929v1